PHILIP D. STERN & ASSOCIATES, LLC
ATTORNEYS AT LAW
697 Valley Street, Suite 2d
Maplewood, NJ 07040
(973) 379-7500
Attorneys for Plaintiff, Ira Mallory

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRA MALLORY, Plaintiff, vs. OXFORD LAW, LLC, Defendant. | **COMPLAINT** |

Plaintiff, Ira Mallory ("MALLORY"), by way of Complaint against Defendant, Oxford Law, LLC ("OXFORD"), says:

### I. NATURE OF THE ACTION

1. This action stems from the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

### II. PARTIES

2. MALLORY is a natural person.

3. At all times relevant to the factual allegations of this Complaint, MALLORY was a citizen of the State of New Jersey, residing in Salem County, New Jersey.

4. At all times relevant to the factual allegations of this Complaint, OXFORD was a for-profit limited liability company of the Commonwealth of Pennsylvania registered as a foreign limited liability company with the State of New Jersey but having no physical location in this District.

5. On information and belief, a principal business location of OXFORD is 311 Veterans Highway, Suite 100A, Levittown, PA 19056.

### III. JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391 because the events giving rise to MALLORY's claims occurred within this federal judicial district, and because OXFORD regularly transacts business within this federal judicial district and, therefore, resides in the State of New Jersey within the meaning of 28 U.S.C. § 1391(b) and (c).

### IV. LEGAL BASIS FOR FAIR DEBT COLLECTION PRACTICES ACT CLAIMS

8. The FDCPA simultaneously advances both consumer and business interests by protecting vulnerable consumers while promoting marketplace competition. 15 U.S.C. § 1692(e). Upon finding abundant evidence of abusive, deceptive, and unfair debt collection practices by many debt collectors which contributed to the number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy, Congress adopted the FDCPA with the "express purpose to eliminate abusive debt collection practices by debt collectors, *and* to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. __, 130 S. Ct. 1605, 1623, 176 L. Ed. 2d 519 (2010) (internal quotes and ellipsis omitted; emphasis added); 15 U.S.C. § 1692(a).

9. Congress also found that existing consumer protection laws were inadequate. 15 U.S.C. § 1692(b).

10. "Congress recognized that 'the vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness or marital difficulties or divorce.'" *FTC v. Check Investors, Inc.,* 502 F.3d 159, 165 (3d Cir. 2007). Nevertheless, "'[a] basic tenet of the Act is that *all* consumers, *even those who have mismanaged their financial affairs resulting in default on their debt*, deserve 'the right to be treated in a reasonable and civil manner.'" *FTC, supra,* 502 F.3d at 165 (emphasis added) quoting *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir. 1997).

11. "Congress also intended the FDCPA to be self-enforcing by private attorney generals [sic]." *Weiss v. Regal Collections*, 385 F.3d 337,

345 (3d Cir. 2004). "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused. In this way, the FDCPA enlists the efforts of sophisticated consumers like Jacobson as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson v. Healthcare Fin. Svcs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008); and, see, *Gonzales v. Arrow Fin. Svcs., LLC*, 660 F.3d 1055 (9th Cir. 2011).

12. The FDCPA is construed broadly so as to effectuate its remedial purposes and a debt collector's conduct is judged from the standpoint of the "least sophisticated consumer," *Brown v. Card Serv. Ctr*, 464 F.3d 450, 453n1 (3d Cir. 2006). "This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008). In this way, "the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). Thus, a "debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Id.* at 455.

13. Furthermore, except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011) (citing, in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

14. "A debt collection letter on an attorney's letterhead conveys authority and credibility." *Crossley v. Lieberman,* 868 F.2d 566, 570 (3d Cir. 1989). Consequently, "[a]buses by attorney debt collectors are more egregious than those of lay collectors because a consumer reacts with far more duress to an attorney's improper threat of legal action than to a debt collection agency committing the same practice." *Id.*

15. The FDCPA creates no special exceptions for attorneys – even when that conduct falls within conduct traditionally performed only by attorneys. *Heintz v. Jenkins*, 514 U.S. 291 (1995). For example, there is no "litigation privilege" for debt collecting attorneys. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). "Attorneys who regularly engage in debt collection or debt collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that

Act." *Piper v. Portnoff Law Associates*, 396 F.3d 227, 232 (3d Cir. 2005).

**16.** To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, provides that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt and, without limiting the generality of the prohibited conduct, enumerates sixteen acts and omissions which are deemed to be *per se* violations of that section. 15 U.S.C. § 1692e(1)-(16). That list includes:

**16.01.** Communicating from a law firm without meaningful attorney involvement, 15 U.S.C. § 1692e(3);

**16.02.** Using any written communication which creates a false impression as to its source, authorization, or approval, 15 U.S.C. § 1692e(9);

**16.03.** Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); and

**16.04.** Failing to disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and in subsequent communications that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

**17.** Liability under the FDCPA arises upon the showing of a single violation. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-3 (2d Cir. 1993).

**18.** Liability under the FDCPA is excused *only* when a debt collector establishes, as an affirmative defense, the illegal conduct was either "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k(c), or an "act done or omitted in good faith in conformity with any advisory opinion of the" Consumer Financial Protection Board, 16 U.S.C. § 1692k(e). Thus, common law privileges and immunities are not available to absolve a debt collector from liability under the FDCPA. See, *Heintz v. Jenkins*, 514 U.S. 21, (1995); *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3rd Cir. 2011); and *Sayyed v. Wolpoff & Abramson*, 485 F. 3d 236, 232-233 (4th Cir. 2007).

**19.** A debt collector who violates any provision of the FDCPA is also liable for "additional damages" (also called "statutory damages") up to $1,000.00, and attorney's fees and costs. 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973). Indeed, Congress, through "the FDCPA[,] permits and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson, supra,* 516 F.3d at 96 (emphasis added).

**20.** MALLORY seeks statutory damages, attorney fees, and costs pursuant to the FDCPA.

V.   **FACTS**

**21.** Sometime prior to April 4, 2012, MALLORY is alleged to have incurred a financial obligation ("Debt") to "Citibank" in connection with a Sunoco gasoline card.

**22.** The Debt is alleged to arise from one or more transactions using the Sunoco gasoline card and that those transactions were primarily for MALLORY's personal, family, or household purposes.

**23.** OXFORD is regularly engaged in the collection of debts.

**24.** The principal purpose of OXFORD is the collection of debts and it uses the mails, telephone, the internet and other instruments of interstate commerce.

**25.** OXFORD contends that the Debt is in default.

**26.** The Debt was placed with, obtained by or assigned to OXFORD for the purpose of collecting or attempting to collect the Debt.

**27.** The Debt was in default or alleged to be in default at the time it was placed with, obtained by or assigned to OXFORD.

**28.** In an attempt to collect the Debt, OXFORD sent MALLORY a letter dated April 4, 2012 ("LETTER").

**29.** A copy of the LETTER is attached as Exhibit 1.

**30.** The LETTER is on the letterhead of "***Oxford Law, LLC***".

31. The LETTER states, in part, "This office represents the above named client, PINNACLE CREDIT SERVICES, LLC, who has placed the above-styled matter for collection."

32. The LETTER explains that "full payment" is demanded for the reason that "you have had ample time to pay your debt."

33. The LETTER is signed by "Oxford Law, LLC."

34. The LETTER represents or implies that a lawyer has reviewed the file, made appropriate inquiry, and has exercised professional judgment in connection with sending the LETTER.

35. The LETTER falsely implies that the collection of the Debt has been escalated by the hiring of a law firm to take the steps which lawyers take to collect the account.

36. Unknown to the least sophisticated consumer receiving the LETTER, OXFORD sent the LETTER and letters in similar form to other consumers in its capacity as a debt collector only and not as a lawyer or law firm providing the legal services for which Oxford's lawyers are licensed to provide.

37. The LETTER's inclusion of the sentence, "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account," does not effectively ameliorate the LETTER's impression of attorney involvement.

### VI. CAUSE OF ACTION FOR VIOLATIONS OF THE FDCPA

38. MALLORY realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

39. MALLORY is a "consumer" under 15 U.S.C. § 1692a(3).

40. OXFORD is a "debt collector" under 15 U.S.C. § 1692a(6).

41. The Debt is a "debt" under 15 U.S.C. §1692a(5).

42. The LETTER is a "communication" under 15 U.S.C. § 1692a(2).

43. The LETTER was sent by OXFORD to MALLORY in an attempt to collect the Debt.

44. OXFORD's use of the written communication in the form

attached as Exhibit 1 violated the FDCPA in one or more of the following ways:

44.01. Using false, deceptive, or misleading representations and/or means in connection with the collection of any debt, which constitutes a violation of 15 U.S.C. §1692e;

44.02. Using a written communication which creates a false impression as to its source, authorization, or approval in violation of 15 U.S.C. §1692e(9); and

44.03. Using a false representation and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

45. Based on any one of those violations, OXFORD is liable to MALLORY for statutory damages, attorney's fees and costs.

### VII. PRAYER FOR RELIEF

46. WHEREFORE, Plaintiff, Ira Mallory, respectfully requests that the Court enter judgment against Defendant, Oxford Law, LLC, as follows:

46.01. An award of statutory damages for MALLORY pursuant to 15 U.S.C. § 1692k(a)(2)(A);

46.02. Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

46.03. For such other and further relief as may be just and proper.

### VIII. CERTIFICATION PURSUANT TO LOCAL CIVIL RULE

47. Pursuant to L. Civ. R. 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I further certify that I know of no party, other than putative class members, who should be joined in the action at this time.

                                      Philip D. Stern & Associates, LLC
                                      Attorneys for Plaintiff, Ira Mallory
                                              *s/Philip D. Stern*

Dated: April 3, 2013                        Philip D. Stern

# EXHIBIT 1

**Oxford Law, LLC**
311 Veterans Highway
Suite 100 A
Levittown, Pa 19056
(215) 526-2600
Fax (215) 526-2618
**Toll Free (877) 543-6151**


▇927
Ira L Mallory

April 04, 2012

RE: Client:                     PINNACLE CREDIT SERVICES, LLC
    Your Account Number:        ▇927
    Original Creditor:          CITIBANK/SUNOCO CONSUMER
    Original Account Number:    7▇081

    Amount Due:                 $1,707.13

Dear Ira L Mallory

This office represents the above named client, PINNACLE CREDIT SERVICES, LLC, who has placed the above-styled matter for collection. This is a demand for full payment because you have had ample time to pay your debt. Sometimes we can arrange installment payments but you must contact this office for arrangements. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.

**NOTICE OF IMPORTANT RIGHTS**

**UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU THE CONSUMER NOTIFY US IN WRITING, WITHIN THE THIRTY DAY VALIDATION PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, THE CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY OUR OFFICE. UPON YOUR WRITTEN REQUEST WITHIN THE THIRTY DAY VALIDATION PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

Please contact our office at 1-877-543-6151.

Oxford Law, LLC.

7626559

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION