# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IRA MALLORY, | |
|     Plaintiff, | Civil No. 13-cv-2100 (RMB/AMD) |
|     v. | ORDER |
| OXFORD LAW, LLC, | |
|     Defendant. | |

THIS MATTER having come before the Court upon Plaintiff's motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b) and a related request for attorney's fees and costs pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq.; and

IT APPEARING TO THE COURT that Defendant, Oxford Law, LLC, has failed to appear or otherwise plead or defend in the above-captioned matter; and

IT FURTHER APPEARING TO THE COURT that the Clerk of the Court entered Default against Defendant on July 10, 2013; and

IT FURTHER APPEARING TO THE COURT that Plaintiff states that he is entitled to statutory damages of $1,000.00 together with an award of attorney's fees and costs in the amount of $8772.50; and

THE COURT NOTING that Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading; and

THE COURT FURTHER NOTING that, in evaluating a motion for a default judgment, a court must consider three factors: 1) whether a plaintiff will be prejudiced if default is not granted, 2) whether defendant has a litigable defense, and 3) whether defendant's delay is the result of culpable misconduct. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

THE COURT FURTHER NOTING that pursuant to 15 U.S.C. § 1692k, "Courts may award damages not to exceed $1,000.00 in cases filed by individuals regardless of whether the individuals suffered any actual damages." Wong v. American Credit and Collections, LLC, No. 11-4428, 2012 U.S. Dist. LEXIS 168446, at *12 (D.N.J. Nov. 28, 2012); and

THE COURT FURTHER NOTING that the quantum of statutory damages involves consideration of factors including, inter alia, the frequency of noncompliance, the nature of noncompliance and the extent to which noncompliance was intentional. 15 U.S.C. §1692k; and

THE COURT FURTHER NOTING that the most useful starting point for determining a reasonable attorney's fee award "is the number of hours reasonably expended on the litigation multiplied

2

by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); and

THE COURT FINDING that Plaintiff has stated a viable cause of action under the FDCPA; and

THE COURT FURTHER FINDING that Plaintiff would be prejudiced if default judgment is not entered; that it is impossible to determine whether Defendant has as meritorious defense because it has not answered; and that "a Defendant is presumed culpable where it has failed to answer, move or otherwise respond." Wong, 2012 U.S. Dist. LEXIS at *11 (internal citations omitted); and

THE COURT FURTHER FINDING that, at this time, the Court lacks sufficient facts to find whether an award of statutory damages in the amount of $1000.00 is warranted in light of Plaintiff's allegations. Moreover, the cases cited by Plaintiff appear to contain circumstances more egregious than those alleged in the instant matter; and

THE COURT FURTHER FINDING that Plaintiff has properly substantiated its request for $425.00 in costs; and

THE COURT FURTHER FINDING that while Plaintiff's counsel has submitted a very detailed declaration in support of the request for attorney's fees, it is unclear, considering counsel's extensive experience in this area, including previously written briefs in support of similar default judgment

requests, [Docket No. 7-2 at ¶34], compared to the relatively uncomplicated task at hand, how the number of hours preparing the default judgment papers and supporting declaration reach the 11 hour mark;

IT IS HEREBY **ORDERED** that Plaintiff's motion for entry of default judgment is **GRANTED** in part, and **DENIED in part without prejudice** as to the amount of a statutory damages award and attorney's fees; and

IT IS FURTHER **ORDERED** that costs are awarded to Plaintiff in the requested amount of $425.00; and

IT IS FURTHER **ORDERED** that if Plaintiff submits the requisite evidentiary support, the Court will amend its Order to award the amounts requested, including attorney's fees.

Dated: <u>October 24, 2013</u>     s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge

4